Mark L. Javitch (CA SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JASON TUNKETT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRESSED JUICERY, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 3:20-cv-_____<br><br>**CLASS ACTION**<br><br>COMPLAINT FOR VIOLATION OF:<br>1) FLSA<br>2) CA LABOR CODE<br>3) BPC 17200<br>4) PAGA PENALTIES<br><br>**JURY TRIAL DEMANDED** |

**NATURE OF THE ACTION**

This is a class action on behalf of hourly workers employed by Defendant Pressed Juicery, Inc. ("Defendant" or "Pressed Juicery") for wage and hour violations of federal and state law. Defendant failed to pay its non-exempt hourly employees at the correct overtime rate when they worked greater than eight hours in one day or forty hours in one week. Defendant also failed to provide for meal and rest breaks and/or sufficiently compensate workers when mandatory breaks were not permitted. Plaintiff files an opt-in collective action under the Fair Employment and Standards Act for wages under federal law. Plaintiff also files a Rule 23 opt-out class action for wages and penalties owed under California state law.

1

3:20-cv-_____

COMPLAINT

Finally, Plaintiff seeks restitution of wages for the past four years due to Defendant's unfair business practices in failing to pay wages to their employees in adherence to state and federal law.

## SUBJECT MATTER JURISDICTION AND VENUE

1. This Court is a proper venue, since all events giving rise to this lawsuit have occurred in this district.

2. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., ("FLSA") and the pendant jurisdiction of this Court. Defendant's gross sales meet the jurisdictional minimum of the FLSA and Defendant's business involves products that move through interstate commerce.

## PARTIES

3. At all times mentioned Plaintiff Jason Tunkett, hereinafter "Plaintiff," is a resident of San Mateo County, California.

4. At all times mentioned Defendant Pressed Juicery, Inc., hereinafter "Pressed Juicery" is a Delaware Corporation with its headquarters in Los Angeles, California.

5. At all times relevant herein, Defendant Pressed Juicery employed Tunkett as a non-exempt retail worker.

6. At all times mentioned "Putative Plaintiffs" or "Plaintiffs" are the individual Plaintiff's co-workers employed by Defendant as non-exempt hourly workers during the last four years from the day they filed this complaint.

## STATEMENT OF FACTS APPLICABLE TO PLAINTIFF

7. At all times relevant herein, Defendant employed Plaintiff as an hourly employee store manager, selling cold-pressed juices and vegan and dairy-free foods at Defendant's retail stores.

8. Plaintiff's job duties included managing Defendant's retail stores, assisting customers with selecting and purchasing items, and managing other hourly employees.

9. In performing the aforementioned job duties, Plaintiff regularly worked greater than eight hours in one day.

10. In performing the aforementioned job duties, Plaintiff regularly worked greater than forty hours in one week.

11. Defendant paid Plaintiff on an hourly basis to perform the aforementioned job duties.

12. For instance, On August 17, 2020, Plaintiff worked a 10-hour shift from 10:30 AM to 8:30 PM.

13. However, because Plaintiff was the only employee working at the retail store during that time, Plaintiff was instructed to keep the store open and operating. Thus, Plaintiff was not permitted to take any mandated rest breaks or meal breaks.

14. Plaintiff's timesheet was subsequently awarded a meal penalty of 1 hour at his regular rate of pay.

15. However, because Plaintiff worked over eight hours that day, the meal penalty should have been paid at Plaintiff's overtime rate of pay.

16. For the entire week of August 17, 2020 to August 23, 2020, Plaintiff worked 43.67 hours, but Plaintiff was only paid at his overtime rate for 2.67 hours instead of the 3.67 hours for which overtime compensation that was owed. Further, Plaintiff was required to skip at least one rest break for which he was not paid.

17. Accordingly, Defendant failed to pay Plaintiff for all the time worked.

18. Defendant did not pay Plaintiff at the rate of one and a half times his regular rate of pay for every hour worked above eight hours in one day.

COMPLAINT

19. Defendant did not pay Plaintiff at the rate of one and a half times his regular rate of pay for every hour worked above than forty hours in one week.

20. Defendant intentionally failed to provide Plaintiff with all required breaks when they worked six hours or more in one day.

21. Having failed to provide the mandatory rest break, Defendant compounded the violation by failing to compensate Plaintiff for being forced to work through his legally mandated rest break.

22. Defendant provided Plaintiff with paystubs that did not reflect the hours they worked in an accurate manner that did not include payment for the hours discussed herein.

## COLLECTIVE AND CLASS ALLEGATIONS

23. A collective action under 29 U.S.C. § 216(b) for the violations of federal wage law is appropriate because (1) a similar set of facts apply to all Plaintiffs, (2) Plaintiffs worked in the same or similar employment setting (3) the Defendant can assert defenses collectively against all Plaintiffs, and (4) a collective action is fair to all parties and serves the interests of judicial economy.

24. A Class Action under Fed. R. Civ. P. 23 for the California causes of action is superior to an individual action because a well-defined community of interest exists in the litigation in that (1) common questions of law and fact predominate the action; (2) the class representative has claims or defenses typical of the class; (3) the class representative can adequately represent the class; (4) and the proposed class is easily ascertainable.

25. **Class Definition**. Plaintiff seeks to represent the following class:

> All non-exempt hourly employees who are employed or have been employed by Defendant as hourly employees within the last four (4) years prior to the filing of this Complaint, who were engaged in producing, distributing and/or selling pressed juice through the date of final disposition of this action and who suffered the following:
>
> a. Were not paid overtime wages;
>
> b. Were not paid for all hours worked;

   c. Were not provided with proper paystubs;

   d. Were not provided with all legally mandated rest breaks;

   e. Were not provided with all legally mandated meal breaks.

26. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

27. **Numerosity**: On information and belief, the legal and factual issues are common to the class and affected all putative members of the class. Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

28. **Joinder**. The potential members of the Class as defined are so numerous that joinder of all the members of the class is impracticable. While the precise number of class members has not been determined now, Plaintiff is informed and believes that Defendant during the relevant time periods likely employed over 50 workers in California who are, or have been, affected by Defendant's unlawful practices as alleged herein.

29. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class

as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

30. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a. Whether Defendant violated the FLSA, California Labor Code and Wage Orders as a result of the allegations described in this complaint;

   b. Whether Defendant compensated Plaintiff and other putative class members at rates below the required overtime rate;

   c. Whether Defendant failed to permit and authorize meal periods for Plaintiff and putative class members, and then whether Defendant subsequently failed to compensate said employees for failure to do so;

   d. Whether Defendant failed to maintain accurate records of Plaintiff and other putative class members' earned wages and itemize all wages earned, and accurately maintain other records;

   e. Whether Plaintiff and other putative class members are entitled to damages, restitution, wages, statutory penalties, premium wages, declaratory, injunctive and declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to the FLSA, California Labor Code and Wage Orders, and Bus. & Prof. Code § 17200.

31.     **Typicality**. The claims of the named Plaintiff are typical of the claims of the class. Plaintiff and all members of the class sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of federal and California laws, regulations, and statutes as alleged herein.

32.     **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect the interests of the members of the class. Plaintiff has no interests that are adverse to the class. Counsel who represent Plaintiff are competent and experienced in litigating large employment class actions.

33.     **Superiority of Class Action**. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to recovery due from Defendant's unlawful policies and/or practices described herein.

34.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

35.     For the same reasons, this Class Action should be certified; Plaintiff should be allowed to proceed against Defendant in a group action pursuant to Cal. Bus. & Prof. Code § 17200.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**
**47 U29 U.S.C. §§ 207, 216(b), and 255(a)**
**Failure to Pay Overtime Wages**

36. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-35 as if fully stated herein.

37. At all relevant times herein, Defendant's employment of Plaintiff was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq.

38. The Defendant operated a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

39. Defendant routinely required or permitted Plaintiff and his similar class members to work more than 40 hours per week without paying all their wages for overtime work.

40. Defendant willfully violated the FLSA in failing to pay Plaintiff overtime wages at one-and-one-half times their regular rate of pay.

41. As a direct and proximate result of Defendant's failure to pay Plaintiff's proper wages under the FLSA, Plaintiff incurred general damages in the form of lost overtime wages in an amount to be proven at trial.

42. Defendant intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff and other similar class members all their wages, and are thus liable to Plaintiff for liquidated damages in an amount equal to their lost wages over a three-year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

43. In order to remedy this violation, Plaintiff was required to retain legal assistance to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to the FLSA.

**SECOND CAUSE OF ACTION**
**Violation of Cal. Labor Code §§ 510, 1194, 1197, 1771 and 1774**
**Failure to Properly Pay Minimum and Overtime Wages**

44. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-35 as if fully stated herein.

45. At all times mentioned herein, Cal. Labor Code § 510 governed Defendant's employment of Plaintiff.

46. Pursuant to Cal. Labor Code § 510, Defendant had a duty to pay its employees, including Plaintiff, no less than one and one-half times their regular rate of pay for all hours worked greater than 8 hours per day or 40 hours per week.

47. Pursuant to Cal. Labor Code § 1194, Plaintiff and all similarly situated workers seek all unpaid overtime wages and unpaid regular wages.

48. Plaintiff also requests an award of pre-judgment interest on the unpaid wages set forth herein.

49. As a result of Defendant's violations of statutory duties, as more fully set forth above, Plaintiff earned but was not paid wages in an amount to be determined at trial.

50. Plaintiff seeks all unpaid wages including the difference between the amount actually paid and the amount owed.

51. Plaintiff also seek liquidated damages under to Cal. Labor Code § 1194.2 for all unpaid minimum wages.

52. Plaintiff has incurred, and will continue to incur, attorney's fees in the prosecution of this action and therefore requests such reasonable attorney's fees and costs as set by the court pursuant to Cal. Labor Code § 1194.

## THIRD CAUSE OF ACTION
### Violation of Cal. Labor Code § 226
### Failure to Provide Accurate Wage Stubs

53. Plaintiff re-allege and incorporate the allegations of paragraphs 1-35 as if fully stated herein.

54. At all times relevant hereto, Defendant was subject to the provisions of Cal. Labor Code § 226, which requires an employer to provide each employee with written periodic wage payment statements setting forth, among other things, the dates of labor for which payment of wages are made, the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, the name and address of the employer, and the address of the employer's state bank address.

55. Defendant knowingly and intentionally failed to provide Plaintiff with accurate, itemized wage statements in compliance with Cal. Labor Code § 226. Defendant failed to provide Plaintiff an accurate showing of, among other things, the rate of pay, the hours worked, the rate for overtime hours worked and amount of overtime pay, in each pay period and/or a report of gross wages earned.

56. As a direct result, Defendant did not properly separate Plaintiff's regular hours from their overtime hours. Plaintiff is entitled to recover an amount to be proven at trial for actual damages, including that measured by the unpaid wages, of not less than $50.00 for an initial violation and $100.00 for a subsequent for each violation or actual damages up to $4,000.00.

57. Plaintiff has incurred and will continue to incur costs and attorney's fees in the prosecution of this action.

**FOURTH CAUSE OF ACTION**
**Violation of California Labor Code §§ 203, 226, 226.7, 512, 1194**
**Failure to Provide Failure To Provide Meal Periods Or Compensation In Lieu Thereof**

58. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-35 of the preceding paragraphs as though fully set forth herein.

59. Defendant failed to comply with the requirements under California law regarding meal periods. Defendant failed to schedule meal periods and Plaintiff and co-workers were routinely required to work without thirty-minute uninterrupted meal periods. Plaintiff and co-workers were not compensated for missed meal periods at their proper rate.

60. Cal. Labor Code § 226.7(b) states:

   a. An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

   b. If an employer fails to provide an employee a meal period or rest period, … the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

61. Plaintiff did not voluntarily or willfully waive meal periods. Any express or implied waivers obtained from Plaintiff were not willfully obtained or voluntarily agreed to, but rather were a condition of employment or part of an unlawful contract of adhesion.

62. Plaintiff was scheduled and required to work for periods up to six hours or more without an off-duty meal period of at least 30 minutes, and Defendant violated California law by failing to comply with the meal period requirements mandated by Labor Code § 226.7 and the applicable Wage Orders. As

such, Defendant is liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided.

**FIFTH CAUSE OF ACTION**
**Violation of California Labor Code §§ 203, 226, 226.7, 1194**
**Failure to Provide Failure To Provide Rest Periods Or Compensation In Lieu Thereof**

63. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-35 of the preceding paragraphs as though fully set forth herein.

64. Defendant failed to comply with the requirements under California law regarding rest periods. Plaintiff was not afforded rest periods as required by California law. Plaintiff was routinely required to work without ten-minute uninterrupted rest periods, and Plaintiff and co-workers were not compensated for missed rest periods.

65. Cal. Labor Code § 226.7 states:

   a. An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

   b. If an employer fails to provide an employee a meal period or rest period, … the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided.

66. Plaintiff did not voluntarily or willfully waive rest periods. Any express or implied waivers obtained from Plaintiff were not willfully obtained or voluntarily agreed to, but rather were a condition of employment or part of an unlawful contract of adhesion.

67. Plaintiff was scheduled and required to work for periods up to four hours or more without an off-duty rest period of at least 10 minutes, and therefore Defendant violated California law by failing to comply with the rest period requirements mandated by Labor Code § 226.7(b). As such, Defendant is liable for one hour of pay at the employee's regular rate of compensation for each workday that rest periods were not provided.

## SIXTH CAUSE OF ACTION
### Violation of Cal. Bus. & Prof. Code § 17200
### Restitution for Unfair Business Practices

68. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-35 as though fully set forth herein.

69. At all times relevant herein, Plaintiff's employment with Defendant was subject to the Cal. Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid certain wages, overtime for work performed more than 40 hours per week or 8 hours per day unless specifically exempted by the law.

70. At all times mentioned, the Defendant was subject to Fair Labor Standards Act 29 U.S.C. §§ 207, 216(b), and 255(a) requiring paying Plaintiff overtime at one point five times their regular rate of pay for every hour they work more than forty in one week.

71. During the last four years prior to filing the complaint, the employer of Plaintiff, Defendant, was subject to the California Unfair Trade Practices Act (Cal. Bus. & Prof. Code § 17200), but wrongfully obtained monies in the form of labor for overtime, meal and rest break hours not provided according to law. Accordingly, Defendant failed to pay Plaintiffs, including similarly situated workers who are members of the public, certain overtime pay as required by applicable state and federal laws, all of which Plaintiffs were legally entitled, with Defendant keeping the amount which should have been paid to Plaintiffs.

72. In doing so, Defendant violated Cal. Bus. & Prof. § 17200 by committing acts prohibited by applicable California Labor Code provisions, IWC Wage Orders, and thus giving them a competitive advantage over other employers and businesses with whom Defendant was in competition and who were in compliance with the law.

73. As a direct and proximate result of Defendant's violations and failure to pay the required wages and overtime pay, Plaintiff's rights under the law were violated and Plaintiff incurred losses in the form of unpaid wages in an amount to be proven at trial.

74. Defendant has been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiff, certain wages and overtime pay due.

75. Plaintiff, having been illegally deprived overtime pay to which they were legally entitled, herein seeks restitution of such unpaid wages pursuant to Cal. Bus. & Prof. Code § 17203.

76. Defendant's conduct in knowingly and willfully denying Plaintiff overtime and meal and rest breaks pursuant to the Cal. Labor Code, in order to gain an economic advantage constituted oppression, fraud or malice in conscious disregard of Plaintiff's rights, which subjects Defendant to an award of punitive damages as punishment and to deter Defendant from such future conduct. Plaintiff prays for an award of punitive damages as determined at trial.

//

//

//

## SEVENTH CAUSE OF ACTION
### (Private Attorneys General Act Penalties)
### (California Employees Only)

77. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-35 as though fully set forth herein.

78. As a direct proximate result of the California labor code violations alleged herein, Plaintiff, on behalf of the State of California and others similarly situated, is entitled to recover penalties pursuant to California Labor Code §§ 2698-99 (Private Attorneys General Act aka "PAGA"). Plaintiff seeks statutory penalties for violations of Cal. Labor Code §§ 200-204, 226, 226.3, 226.7, 512, 558, 558.1, 1194, 1197, 1197.1 and 1198.

79. Plaintiff has taken all the steps necessary to exhaust administrative remedies and has exhausted his administrative remedies.

80. On October 14, 2020, Plaintiff gave written notice of his claims under Cal. Lab. Code § 2699 et seq. to the California Labor and Workforce Development Agency and the California Labor and Workforce Development Agency did not respond within the time frame established under Cal. Labor Code § 2699 as to whether it intended to investigate Plaintiff's claims. As such, Plaintiff is entitled to seek certain civil penalties for himself and other current or former aggrieved employees through a civil action filed on their behalf. These penalties are in addition to all other remedies permitted by law.

81. In addition to penalties set by statute, Plaintiff and other similarly situated current and former individuals are also entitled to recover interest thereon, attorney's fees and costs.

82. Based on Defendant's conduct as alleged herein, Defendant is liable to Plaintiff and similarly situated current and former individuals for civil penalties, injunctive relief, plus interest, attorneys' fees, expenses and costs of suit.

**WHEREFORE**, Plaintiff JASON TUNKETT, individually and on behalf of the Collective Action and Class, prays for the following relief:

## PRAYER FOR RELIEF

A. An order certifying this FLSA case as a collective action based on the class of similarly situated hourly employees of Defendant who are entitled to overtime wages under the FLSA;
B. Compensatory, economic and liquidated damages for unpaid overtime wages, pursuant to the FLSA;
C. Compensatory damages per Cal. Labor Code §§ 510 and 1194 for unpaid overtime wages;
D. Damages and penalties for not providing accurate pay statements pursuant to Cal. Labor Code § 226 in an amount to be determined at trial;
E. Equitable and injunctive relief under Cal. Bus. & Prof. Code § 17200, including but not limited to equitable accounting of all Plaintiff work hours and overtime wages owed;
F. Restitution of unpaid overtime pay pursuant to Cal. Bus. & Prof. Code §17203 in an amount to be determined at trial, and punitive damages thereon;
G. Exemplary damages pursuant to the Sixth Cause of Action in an amount to be determined at trial;
H. For penalties allowed as set forth herein and under the PAGA;
I. Pre-judgment interest of 10% on the unpaid overtime compensation pursuant to Cal. Labor Code § 1194(a);
J. Reasonable attorney's fees and costs of suit herein, pursuant to 29 U.S.C. § 216(b), Cal. Labor Code § 1194(a), and PAGA, and Cal. Civ. § 1021.5
K. For such other and further relief as the Court may deem just and appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: December 22, 2020

Respectfully submitted,

JASON TUNKETT, individually and on behalf of all others similarly situated,

By: /s/ Mark L. Javitch              .

Mark L. Javitch (California SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave
San Mateo CA 94401
Tel: (650) 781-8000
Fax: (650)-648-0705

*Attorney for Plaintiff*
*and the Putative Collective Action and Class*

17

COMPLAINT

3:20-cv-_____